THE STATE, AT THE RELATION OF BATES, *vs.* THE ST. LOUIS COUNTY COURT.

1. The provision, in the act establishing the St. Louis Land Court approved February 23, 1853, that the judge should receive the same compensation as the judge of the St. Louis Court of Common Pleas then received means, not only that he should receive the *same amount,* but from the *same sources.*

Edward Bates, Judge of the St. Louis Land Court, presented his petition for a writ of *mandamus* to the St. Louis county court, requiring the latter to allow and pay to him out of the county treasury such an amount as, together with two hundred and fifty dollars received from the state treasury and forty-one dollars received on account of judgment fees, would make up his quarter's salary of seven hundred and fifty dollars; or show good cause to the contrary. In answer to the writ, the county court appeared by attorney, and as cause for the refusal to pay, alleged that there was no law of the state by which that court was authorized or required to pay or cause to be paid any portion of the salary of the judge of the Land Court.

*C. Gibson* appeared for the relator.

*A. Todd,* for the county court, insisted that the judge of the Land Court was a state officer, and of course to be paid out of the state treasury, it not being otherwise expressly provided.

SCOTT, Judge, delivered the opinion of the court.

By an act of the general assembly passed 23d February, 1853, a Land Court was established for St. Louis county. This court was required to be held by a judge elected by the qualified voters of St. Louis county. Edward Bates, the plaintiff, was elected to that office, and after being qualified, he entered upon the discharge of his duties. He has received a salary as judge, up to this time, the same in amount and payable in the same manner as the judge of the St. Louis Court of Common Pleas, the statute creating the Land Court enacting that the judge thereof shall receive the same compensation as th

Judge of the St. Louis Court of Common Pleas. The judge of the Court of Common Pleas received at the date of the act referred to, as a salary, first, an annual sum of one thousand dollars, payable quarterly out of the state treasury; secondly, certain fees provided by the statute and taxed upon final judgments rendered in said court; and thirdly, an additional amount payable out of the county treasury, the whole compensation not to exceed three thousand dollars.

On the 5th of March, 1855, an act was passed directing that the judges of the St. Louis Circuit Court, the St. Louis Court of Common Pleas, and the St. Louis Criminal Court shall be each paid a salary of two thousand dollars out of the state treasury. Since the passage of this act, the county court of St. Louis county refuses to pay any portion of the salary of the judge of the Land Court, maintaining that the whole of his salary is of right payable out of the state treasury. For the purpose of determining this question, this writ of *mandamus* has been awarded, and the facts stated in the petition admitted by the county court.

1. It was contended on the part of the defendant that the judge of the Land Court is a state officer, and as such entitled to receive his salary from the state treasury as all other state officers; that the act of the legislature creating the Land Court, in enacting that the judge thereof should receive the same compensation as the judge of the St. Louis Court of Common Pleas, intended merely to fix the amount of the compensation, leaving the payment thereof to be made, as the salaries of all other state officers, out of the common treasury.

There is one difficulty attending this view of the subject not easily to be overcome. Salaries are not of right payable quarterly. If an annual salary is given to an officer regularly, that salary is not payable until a year's service is rendered. An express enactment is necessary to make it payable quarterly. If, in enacting that the judge of the Land Court should receive the same compensation as the judge of the St. Louis Court of Common Pleas, nothing more was intended by the

State, at the relation of Bates, *v.* St. Louis County Court.

general assembly than to fix the amount of the salary, then there would be no direction as to the manner of payment in point of time, and it could be drawn but once a year.   Now we cannot suppose that the law designed to make the judge of the Land Court an exception to all the other officers of the state, and pay him his salary at the end of each year, instead of paying it quarterly as all other salaries are paid.   This omission then would seem to imply that something more was intended by the reference to the salary of the judge of the Court of Common Pleas.   If the mode of payment, as to time, was contemplated, what is to prevent us also from looking into the sources of the payment?   But is a salary payable quarterly out of the state treasury the same as one of like amount payable out of the county treasuries of all the counties in the state?   Would an officer hesitate in making his choice between these salaries?   Is not one preferable to the other?   How then can we say that they are the same?   Is a salary payable quarterly the same as one for the like amount payable annually?

But if we regard the policy of the state as indicated by her legislation, it would be apparent that the general assembly never intended that the whole of this salary should be paid out of the state treasury.   With the wisdom or liberality of this policy, we have nothing to do.   Our province is, to administer the law in the spirit in which it is made.   There are other judges in the state performing duties similar to those performed by the judges of St. Louis county.   The legislature has evinced the intention to make the salaries of all the judges throughout the entire state of the same class, the same in amount, as far as they were payable out of the state treasury.   It has been unwilling to create dissatisfaction among some of the judges, and furnish them with a pretext for asking an increased compensation, by enlarging the salaries of the judges in any portion of the state out of the common funds.   If an increase has been made in a salary, it has been at the expense of the county in which the court existed.   The judges of the St. Louis courts, however urgent the reasons were, had been enabled to obtain an increase

of their salaries, only throwing the burden of the increase on the suitors in her courts and her county treasury. This was the policy of the state at the time of creating the Land Court in St. Louis county. Now when we consider that this Land Court was established in St. Louis county, when, by the settled policy of the state, none of her judges were permitted to receive but a portion of their salaries from the common treasury, we are driven to the conclusion that the legislature, when it enacted that the judge of the Land Court should receive the same compensation as the judge of the St. Louis Court of Common Pleas (a court established for St. Louis, and a portion of whose salary only was payable out of the state treasury,) intended not only that the salary should be the same in amount, but the same in all respects.

Although the office of judge of the St. Louis Land Court is an honorable and responsible one, yet there is nothing in its organization or the nature of the powers with which it is entrusted, that would necessarily warrant a difference, as to the mode of its compensation, between it and the other courts established in St. Louis county. There is no doubt if an office is created by law, and the salary of that office is fixed, and nothing declared as to the mode of its payment, that of right it would be payable out of the common treasury. But the case supposed is not this case. We consider that the mode of payment is designated in the act creating the Land Court, by the reference to the compensation of the judge of the St. Louis Court of Common Pleas, a court like the Land Court, that was established for St. Louis county, whose judge, by the policy of the state, was not permitted to receive but a portion of his salary out of the state treasury; and because there is nothing about the Land Court which should, in this respect, distinguish it from all the courts established in St. Louis county, the salaries of whose judges are only in part paid out of the common funds of the state. The other judges concurring, a peremptory *mandamus* will be awarded.